FILED

NOV 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISTOBAL TAMBRIZ-TZEP, AKA Cristobal Tambriz, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-73357 <br><br> Agency No. A205-716-962 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Cristobal Tambriz-Tzep, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his applications for asylum,

withholding of removal, and relief under the Convention Against Torture. We

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for abuse of discretion a particularly serious crime determination. *Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012); *Ceron v. Holder*, 747 F.3d 773, 784-85 (9th Cir. 2014) (en banc) (setting aside prior case law holding that assault with a deadly weapon is a crime involving moral turpitude). We deny the petition for review.

The agency did not abuse its discretion in determining that Tambriz-Tzep's conviction under California Penal Code § 245(a)(1) constitutes a particularly serious crime where the agency properly analyzed "the nature of the conviction, the underlying facts and circumstances and the sentence imposed." *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc).

Substantial evidence supports the agency's denial of relief under the Convention Against Torture because Tambriz-Tzep failed to establish that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Tambriz-Tzep's request that we hold his case in abeyance is denied as moot.

**PETITION FOR REVIEW DENIED.**